**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

CHANEL, INC.,

       Plaintiff,

vs.

THE PARTNERSHIP OR
UNINCORPORATED ASSOCIATION d/b/a
COMELYCHANEL.COM,
FASHIONCHANELSHOP.COM,
PRETTYCHANEL.COM,
FAIRCHANEL.COM,
HANDBAGSBOX.COM,
GOLVSTORE.COM, and
TOPLVSHOP.COM and DOES 1-10,

       Defendants.                          /

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Chanel, Inc. ("Chanel") hereby sues Defendants the Partnership or Unincorporated Association d/b/a comelychanel.com, fashionchanelshop.com, prettychanel.com, fairchanel.com, handbagsbox.com, golvstore.com, and toplvshop.com, and Does 1-10 (collectively, "Defendants"), doing business and conspiring to do business as the domain names identified on Schedule "A" hereto (collectively, the "Subject Domain Names"), and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark infringement, counterfeiting, false designation of origin, and cybersquatting pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d). Accordingly, this Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction over Defendants in that they transact business with and direct their illegal activities toward consumers in the State of Florida and this judicial district through at least the fully interactive, commercial Internet websites operating under the Subject Domain Names.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this judicial district. Defendants have also advertised and made sales into this judicial district.

## THE PLAINTIFF

4. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this judicial district. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this judicial district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks including those identified in Paragraph 7 below.

## THE DEFENDANTS

5. Defendants are a partnerships and/or unincorporated associations who likely reside in the People's Republic of China.  Defendants conduct business throughout the United States, including within this Judicial District, through the operation of the fully interactive commercial websites existing under the Subject Domain Names. Upon information and belief, Defendants use the alias Mr. Zhu in conjunction with the operation of the Subject Domain Names.  Chanel is presently unaware of the true names of Does 1-10, although they are generally identified as the owners, operators, partners, or managing agents of the Subject

Domain Names. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6. Upon information and belief, Defendants engage in the advertisement, offering for sale and sale of counterfeit Chanel-branded goods to consumers within this judicial district through multiple fully interactive commercial websites operating under, at least, the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit Chanel-branded goods under domain names not yet known to Chanel. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale and shipment of their counterfeit Chanel-branded goods into the State.

## COMMON FACTUAL ALLEGATIONS

**A. Plaintiff's Business and Trademark Rights**

7. Chanel is the owner of the following trademarks registered on the Principal Register of the United States Patent and Trademark Office, all of which are valid and incontestable pursuant to 15 U.S.C. § 1065 (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| ⊃C | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |

3

| | | | |
|---|---|---|---|
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| CC | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |

The Chanel Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above.

8.      The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's products for an extended period of time and serve as symbols of Chanel's quality, reputation, and goodwill.

9.      Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

10.     Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of its high quality products. As a result, the Chanel Marks are among the most widely recognized trademarks in the United States, and the trademarks have achieved secondary meaning.

11.     Chanel has carefully monitored and policed the use of the Chanel Marks and has never assigned or licensed the Chanel Marks to any of the Defendants in this matter.

**B.      Defendants' Business and Infringing Activities**

12.     Defendants have registered, established or purchased, and maintained the Subject Domain Names.

4

13. Moreover, Defendants have registered the Subject Domain Names using marks which are nearly identical and/or confusingly similar to at least one of the Chanel Marks.

14. Upon information and belief, Defendants will continue to register new domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of the Chanel Marks unless preliminarily and permanently enjoined.

15. Defendants have registered and/or used the Subject Domain Names with the bad faith intent to profit from the Chanel Marks.

16. Defendants do not have, nor have they ever had, the right or authority to use the Chanel Marks. Further, the Chanel Marks have never been assigned or licensed to be used on any of the websites operating under the Subject Domain Names.

17. Upon information and belief, Defendants have never used any of the Subject Domain Names in connection with a bona fide offering of goods or services.

18. Upon information and belief, have not made any a bona fide non-commercial or fair use of the Chanel Marks on a website accessible under the any of the Subject Domain Names.

19. Upon information and belief, Defendants have intentionally incorporated the Chanel Marks in their domain names to divert consumers looking for Chanel's Internet website to their own Internet websites for commercial gain.

20. Defendants' Subject Domain Names and any other domain names used in connection with the sale of counterfeit and infringing goods bearing the Chanel Marks are essential components of Defendants' counterfeiting and infringing activities and are the means by which Defendants further their counterfeiting schemes and cause harm to Chanel. Moreover,

Defendants are using Chanel famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby increasing the value of the Subject Domain Names at Chanel's expense.

21. Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Chanel.

22. Chanel has discovered Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce that bear counterfeit and confusingly similar imitations of the Chanel Marks, including without limitation handbags and wallets (the "Counterfeit Goods"), through the fully interactive commercial websites operating under Subject Domain Names. Specifically, upon information and belief, Defendants are using identical copies of the Chanel Marks for different quality goods.

23. Despite the nature of the Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality goods offered for sale by Chanel. The net effect of Defendants' actions will result in the confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

24. Defendants advertise their Counterfeit Goods for sale to the consuming public via websites operating under at least the Subject Domain Names. In so advertising these goods, Defendants use the Chanel Marks without Chanel's permission. Indeed, Defendants herein misappropriated Chanel's advertising ideas and entire styles of doing business with regard to the

advertisement and sale of Chanel's genuine goods. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks is the proximate cause of damage to Chanel.

25. Upon information and belief, Defendants are targeting their counterfeiting and infringing activities toward consumers and causing harm within this judicial district and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Chanel and the Chanel Marks does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

26. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

27. Defendants' use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

28. Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

29. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and

after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit goods, which there is not.

30. Chanel has no adequate remedy at law.

31. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

32. The harm and damages sustained by Chanel has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I
## TRADEMARK COUNTERFEITING AND INFRINGEMENT - 15 U.S.C. §1114(1)

33. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 32 above.

34. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of their Counterfeit Goods.

35. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing handbags and wallets using counterfeits and infringements of one or more of the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel's Marks by using them to advertise, promote and sell counterfeit and infringing handbags and wallets.

36. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

37. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

38. Defendants' above-described illegal actions constitute counterfeiting and trademark infringement of the Chanel's Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Chanel has suffered and will continue to suffer irreparable injury due to the above-described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT II
## FALSE DESIGNATION OF ORIGIN - 15 U.S.C. §1125(a)(l)(A)

40. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 32 above.

41. Defendants' Counterfeit Goods bearing and sold under copies of the Chanel Marks have been widely advertised and distributed throughout the United States.

42. Defendants' Counterfeit Goods bearing and sold under copies of the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

43. Defendants, upon information and belief, have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations,

including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

44. Specifically, Defendants have authorized infringing uses of the Chanel Marks in Defendants' advertisement and promotion of their counterfeit and infringing Chanel-branded handbags and wallets. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

45. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

47. Chanel has suffered and will continue to suffer irreparable injury due to the above-described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT III
## CLAIM FOR RELIEF FOR CYBERSQUATTING - 15 U.S.C. §1125(d)

48. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 32 above.

49. Upon information and belief, Defendants have acted with the bad faith intent to profit from the Chanel Marks and the goodwill associated with the Chanel Marks by registering the Subject Domain Names.

50. The Chanel Marks were distinctive and famous at the time Defendants registered the Subject Domain Names.

51. The Subject Domain Names are identical to, confusingly similar to or dilutive of at least one of the Chanel Marks.

52. Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

53. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

54. Chanel has suffered and will continue to suffer irreparable injury due to the above-described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## PRAYER FOR RELIEF

55. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants jointly and severally as follows:

   a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, purchasing, importing, advertising or promoting, distributing, selling or offering to sell counterfeit goods bearing the Chanel Marks; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale or offering to sell of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to

believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags and wallets; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

    b. Entry of an order requiring the Subject Domain Names, and any other domain names being used by Defendants to engage in the business of selling goods bearing counterfeits and infringements of the Chanel Marks to be disabled and/or immediately transferred by Defendants, their Registrars and/or the Registries to Chanel's control.

    c. Entry of an Order that, upon Chanel's request, the top level domain (TLD) Registry for each of the Subject Domain Names place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Names to the IP address where the associated websites are hosted.

    d. Entry of an Order that, upon Chanel's request, any Internet search engines, Web hosts, domain-name registrars and domain-name registries or administrators which are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the promotion, offering for sale and/or sale of counterfeit and/or infringing goods using the Chanel Marks.

    e. Entry of an Order that, upon Chanel's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the

Registrars and top level domain Registries responsible for the Subject Domain Names facilitate the transfer and/or disable the Subject Domain Names.

   f. Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting and unfairly competitive activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

   g. Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' cybersquatting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count III, that Chanel be awarded statutory damages from Defendants in the amount of one hundred thousand dollars ($100,000.00) per infringing domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

   h. Entry of an award of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

   i. Entry of an order requiring all funds, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Subject Domain Names, including but not limited to PayPal, Inc., The Western Union Company, MoneyGram and other payment processing accounts, to be surrendered to Chanel in partial satisfaction of the monetary judgment entered herein.

   j. Entry of an award of pre-judgment interest on the judgment amount.

      k.     Entry of an Order for any further relief as the Court may deem just and proper.

DATED: February 1, 2012      Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: _____s:/smgaffigan/_____
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Email:  Stephen@smgpa.net
E-mail: leo@smgpa.net

Attorneys for Plaintiff Chanel, Inc.

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

1. Comelychanel.com
2. Fashionchanelshop.com
3. Prettychanel.com
4. Fairchanel.com
5. Handbagsbox.com
6. Golvstore.com
**7.** Toplvshop.com